This case is 4-15-0388, State of Illinois v. Casey L. Brace, for the appellant, Susan Wilhelm, for the appellee, Timothy Lonergan. Thank you, Mr. Clerk. Ms. Wilhelm, please proceed. May it please this Court, Counsel, I'm Susan Wilhelm with the Office of the State Appellate Defender, and I represent the defendant, Casey Brace. Ms. Brace was charged with buying pseudoephedrine, a methamphetamine precursor, on or about January 26, 2014, without a prescription, and while she had a prior conviction under the Methamphetamine Control Act. After she pleaded guilty, she was allowed to withdraw her plea and proceed with a stipulated bench trial. At the stipulated bench trial, they had two sets of relevant facts. The relevant facts for a factual basis included a certified copy of her prior conviction, a video of her purchase, a copy of the receipt for her purchase of pseudoephedrine, and also the IMPLEX pill log, a register prepared and kept by the pharmacy of people who purchased pseudoephedrine. The relevant facts from her statement of facts that was prepared for the Department of Corrections included, again, this IMPLEX register showing that she purchased pseudoephedrine and that she had the prior conviction for possession of methamphetamine. Both sets of facts omitted the critical fact that Brace lacked a prescription to purchase the pseudoephedrine, and thus the State failed to prove a necessary element of the offense of unlawful possession of a methamphetamine precursor with a previous conviction of crimes simply entitled prescriptions. When an act is made a crime and there are exceptions in the enacting clause creating the offense that affect the description of that offense, the State must allege and prove that the accused does not come within the exception. Where the exception is so descriptive of the offense, the exception must be negated by the State in order to charge the accused with the offense. Here the offense is titled prescriptions. Lack of a prescription is descriptive of this crime and such that it is the State's burden to prove this element. And the State included the phrase, without a prescription in the charging instrument, in acceptance of their burden in this case. This is analogous to the offense of unlawful use of weapons, which is committed when a person carries or possesses, concealed on or about his person, except when on his land or in his own abode or fixed place of business, any firearm. Exceptions, descriptive exceptions within the body of a substantive offense must be disproven by the State beyond a reasonable doubt, in order to sustain a conviction for this offense. And that did not happen here. Here the element of lack of a prescription is so descriptive of this offense, it is the fact the State had to disprove. How could the State ever disprove that? Well, it's interesting, Your Honor, because when you look at the two other cases that have come out recently, People v. Lewis and People v. Laws, they were able to prove it. Both of those cases were also stipulated bench trials here in the Fourth District. And in both of those cases, well, in Laws, they simply stipulated that Mr. Laws lacked a prescription. In Lewis, in People v. Laws, okay, and some of this is not in the record, and I apologize, but it does help to answer the question. The IMPLEX is the National Precursor Log Exchange. It is a system set up. It's a computer registry linking all pharmacies authorized to sell pseudoephedrine in Illinois and other participating states. It keeps records of who buys pseudoephedrine. There's really two parts to this, though. In Laws, so there's the IMPLEX record itself, but what you really need additionally, and what the State can easily do, is as they did in Laws, they had a stipulation that they could get through testimony. The IMPLEX creates a business record. Every pharmacy tracks the people who are buying pseudoephedrine. So what happens is if you were to go to trial on this, and you have the pharmacy worker on the stand, you ask them about the IMPLEX log, you ask them about the state in question, how is this log created, what is your training on this, and you get them to clearly testify a person's name on the IMPLEX log means they bought this without showing a prescription. There's your proof. That did not happen in this case, but that could easily be done. But again, it's a combination of that there is such an IMPLEX registry, but you also have to have the additional person to testify to verify the record keeping of that pharmacy, and that the record that they're bringing in is accurate. That's not a huge burden. So if you have a prescription, your name does not go on the IMPLEX log? In theory, if every pharmacy is trained properly and following this properly, that was the testimony from laws. I kind of went down the rabbit hole of research yesterday, and I can find definitions for the National Precursor Log Exchange, but what I'm really relying on is the stipulation from laws. However, that's what this is created for. This is created for that purpose, and the state has this tool at their use. All they would have to do is bring in the person to verify the business record and testify as to how cases were raised. But how would that pharmacist know whether or not this person had a prescription? Well, first of all, I suppose if you know the store, they keep a record of a prescription. Yes, and also they would know that they purchased it without having a prescription. Is that a government entity, or is that basically something that the pharmacies have grouped together to form? I honestly am afraid to answer that question without knowing the answer. Like I said, I did a search yesterday. It's a national computer registry. It links pharmacies in Illinois and all participating states. I take that information from what I've gleaned from reading a bunch of Illinois cases. But the state's ability to prosecute a case such as this would be dependent on its ability  and if it was reliable or not. Well, it would depend on the reliability of this clearinghouse of information. Is that right? Well, what's really relevant in this case is the specific buy. On the first, what is it, January 26, 2014, that's the buy that she's charged with. Is there any similar situation where the state would have to rely on some third party to be able to establish the element of a case? If I want to show prior convictions in a DUI and my client has moved throughout the country, I'm going to be pulling in DUI records from other states. Those are government agencies. Those are government agencies. And like I said, Your Honor, I don't have a definitive yes or no answer to your question about is this a government exchange or not. That didn't show up in this case and I'm afraid to speculate. What about the fact that she made 110 purchases? And that's part of the stipulation. Wouldn't that be some type of circumstantial evidence that you could conclude from that she really didn't have a prescription? But it is not a fact proven by the state. Well, it's part of the stipulation, so it is evidence, right? It is evidence that she made those other buys. She did not know from the record that she was required. If you look at this, she has, according to the PSI, she's treating her sinus headaches, her sinus migraines with this medication. She never knew that this law came into effect. The reason she, part of this appeal was setting up this whole issue of lack of notice of the change of law, which this court has already dealt with. Her buys are also consistent with somebody who didn't know that there was a return. Traveling from county to county to county? Just for this purpose? She actually lives up by the Peoria area. But, I mean, she went to Mason, Fulton, Adams, and you think that's indicative of somebody who's trying to treat a sinus infection? According to the information in the PSI, that was her explanation for this buy. She also tested negative for methamphetamine, which supports that she was using the medicine for an actual use, not having it broken down and using it for an illegal use. Again, the test here is when the exception is so descriptive of the offense that the exception has to be negated in order to charge the accused with the offense. Here, whether the possessor of a methamphetamine precursor has prescription is the only exception in this offense. It's part of the body of this offense because it's so incorporated within the language that the elements cannot be accurately described without reference to this exception. As in Lobsher, where it's the firearm holder's presence off his protected land that causes him to commit the offense, here's the purchase without a prescription that makes this conduct subject to the statute. This element is so fundamentally descriptive that it must be proven by the state, and the state has vast resources. They have ways to create this law. They can create a registry. They can beef up the registry. The IMPLEX registry, like I said, we have so little information in the case law, and I did try to find additional information yesterday. I think what's really critical here, though, is what's missing is that additional information from the pharmacy people that on the day that this one sale was made, we asked and did not receive a prescription. That's a question that they should be asking. That's easy information for the state to bring in, either through a stipulation or through the testimony of that person who's already going to be coming to court to submit the business record. It's not a huge burden on the state to present this element, and it is their burden. In conclusion, because the state failed to present any evidence of the necessary element that Casey Grace lacked a prescription for her pseudoepidurine purchase, she asked that this court reverse her conviction. Thank you. You'll have rebuttal. Mr. Longhurton. Good morning, Your Honors. May it please the Court. Counsel. This is an interesting issue that I've given some thought to, but I haven't been able to actually come up with a suitable proposal to the Court. You know, it seems as though what the Supreme Court has done in Lobsher, I think is how you pronounce that, is try to wrestle with the burden of proof placed on the state where they have an exception included within the definition of the offense. You know, the Court was dealing at that time with possession of a firearm, illegal possession of a firearm. And, of course, it's not a violation of the law to do so if you're in your own house, on your own property, in your own business. So that appears to be something that's kind of like a status that can be proven or disproven. You know, where was the defendant at the time he was arrested with the weapon? You know, something that can be established. With all due respect to counsel, I don't see how the state is in any position to ever prove whether or not a defendant had a particular prescription. Well, wouldn't the pharmacy have a record of it if they brought a prescription in? Perhaps. I don't know. It would depend on each pharmacy's internal procedures. I'm not familiar with the... I don't think a pharmacy keeps a record of any prescription that's presented to it. I mean, you don't get your prescription back from the pharmacist. I believe they keep it. Yeah, I think they do keep a record of it, Judge, but I can go in and I can buy Pseudomedipen or whatever that stuff is called today without a prescription. And if I'm arrested for having done so, I can say, well, I bought it and no one asked for a prescription. It wasn't required, but I do have one. So the fact that I didn't present it at the time of purchase is not indicative of the fact that I was given one or not. You know, so all these things are pretty much over the counter, and I don't know which drugstore keeps records of everything that you purchase. I'm not even sure they do that. Perhaps they do, but even so, that doesn't address the issue of whether or not we have a prescription. And that's what was apparent at Rogers in this Court's decision in Ellis. I mean, there the issue was do you have a restricted driving permit? You're driving on a suspended or revoked license. Do you have a suspended driving permit? The Court said, well, that's not really part of the body. And I understand the Court's struggle in trying to come up with a definition that kind of makes sense that can be applied in numerous situations in order to give us clarification of what is and what is not part of the actual definition of the offense. But I think what the Court was doing in Ellis at Rogers is saying, look, you know, we're not going to burden the state with attempting to contact all 50 secretaries of state from all the states in the union to see if perhaps you were given a restricting driving permit in one of them. That's a burden that's easily established by you. That's an affirmative defense. If you have a restricted driving permit, produce it. In the same vein, if you have a prescription, produce it. It's a little different from your status as a homeowner. Where were you at the time you were arrested? That's something we can't establish quite easily. I don't think we can't establish the existence or nonexistence of something like a prescription. Mr. Landry, it would seem that Illinois criminalizes conduct where an individual possesses a particular substance, a controlled substance, without a prescription. I'm not talking about this statute, which is specific to a methamphetamine precursor. But there are other statutes that criminalize conduct where the individual possesses something without a prescription. I'm sorry I don't have the statute that I can provide to you off the top of my head, but it would seem that this same issue would have been addressed via these other statutes that have criminalized that conduct. Are you aware of any such case? You know, Judge, if I was smarter I would have been looking for those types of cases. That's an excellent suggestion, and I agree with you. I think those issues are out there, and that's an interesting question. In researching this, I did not come across a case of that nature, describing how they dealt with it. That would be potentially informative. I don't know if anyone has ever raised that in the past, as to whether or not failure of somebody to establish a prescription as an affirmative defense to those other statutes which prohibit possession. That's a very good question. I understand where the court is coming from that. That would be a good analogy to make. Wouldn't those particular substances have to be in the prescription bottle of sorts? And if not, it would be a crime in and of itself, absent that. I think I've heard of that too, Judge. I'm not certain of that. I don't know if you can bring an affirmative defense, but I took it out of that bottle because I wanted to put it in my weekly whatever container. I don't know if there are defenses, what those defenses would be, but I can see where those same issues would be raised in those types of cases, and I believe those would be affirmative defenses as well. I don't think it's part of the burden of the state to establish all of those exceptions when proving that you're in possession of a drug that is regulated, and I think it's your obligation to establish that you have a prescription for it. So I think that's how those cases are handled, but I can't speak intelligently to it. I didn't think about that, Judge, but that's a very good point. To me it just comes down more to a matter of proof. I can see where the Court's kind of wrestling with this. I don't know what the Supreme Court meant by part of the body. It just seems to me that they're trying to say, well, possession of a weapon is not in and of itself a crime unless you're possessing it in a place where you should not be allowed to do it, as opposed to possessing methamphetamine or a methamphetamine precursor having already been convicted of a crime under the Act. That in and of itself is a crime unless you can establish that you have a prescription for it. But I can appreciate counsel coming up on rebuttal and saying, well, you know, that's not true either, you know, the same exception. So it's a very loose definition. I understand the problems everybody's having. It just seems as though it's more of an element of proof, status of the defendant, something easy to establish. But I haven't been able to come up with a great suggestion as to what the rule of law ought to be in this instance. But I can appreciate the struggle. If there's nothing further, thank you, Your Honor. I appreciate the candor. Rebuttal. We don't need a suitable proposal to resolve this case. We have a test. We have a test that's been used for over a century. When I started researching this case, it was down the rabbit hole into cases from 1927 and cases that have been around for a century almost. There may be a scarcity of cases that interpret this, but it's a very clear test. Is this element so descriptive of the offense? If it's so descriptive of the offense, then the state has the burden of proving that element. Okay. And some questions that came up. Every pharmacy in Illinois is in the implex if they sell pseudoephedrine. If they don't want to sell pseudoephedrine, that's fine. They won't be under this. The state has a burden here, but they also have vast resources. They have this implex system. They have control over pseudoephedrine. They have control over pharmacies. They have control over the people who will be going through, checking, asking if you have a prescription to give it to them. And, yes, if something is controlled, there are requirements to selling that item. And, Justice Turner, just like you were saying, you're required. I had a case like this recently. You have to keep your prescription in a bottle, or when you're going to the airport, you're going to have problems. You're going to have difficulty proving that that is a safe substance that you own. So how easy would it be for the state to say, well, if you buy your pseudoephedrine with a prescription, we're going to give you a, the pharmacy has a specific sticker that they place on that, just like all of my prescriptions have a sticker that says, Susan Wilhelm is authorized to use this drug. The state has resources, and the state has control over the system. We're here today on this case because the state did not prove that Casey Brace lacked a prescription to possess pseudoephedrine. And I would ask that this Court reverse our conviction. Thank you. Thanks for your arguments. The case is submitted, and the Court stands in recess.